**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                               **CRIMINAL ACTION NO.: 3:12-CR-58-6
(GROH)**

**RICHARD TAYLOR,**

    Defendant.

**ORDER DENYING DEFENDANT'S
MOTION FOR RECONSIDERATION OF SENTENCE**

Currently pending before the Court is the *pro se* Defendant's Motion for Reconsideration of Sentence [ECF No. 432], filed on May 12, 2016. In his motion, the Defendant states that he requested his attorney to advocate for a sentence of one year and one day so that he would be eligible for good time credit. The Defendant avers that, during his sentencing hearing, his attorney advocated for only one year of incarceration—the sentence ultimately imposed by this Court—and therefore he is not eligible for good time credit. The Defendant moves this Court to modify its sentence imposed on February 11, 2016, to a period of twelve months and one day.

A district court's authority to modify a sentence is extremely limited. See United States v. Phillips, 194 F. App'x 154, 155 (4th Cir. 2006) (unpublished per curiam); United States v. Grant, 15 F. App'x 157, 158 (4th Cir. 2001) (unpublished per curiam); United States v. Layman, 116 F.3d 105, 108 (4th Cir. 1997). The court may modify a defendant's sentence pursuant to Federal Rule of Criminal Procedure 35 and 18 U.S.C. §§ 3582 and

3742. Pursuant to Rule 35, a sentence that resulted from an arithmetical, technical or other clear error may be corrected within fourteen days after sentencing. Fed. R. Crim. P. 35(a). Additionally, a sentence may be reduced based upon a defendant's substantial assistance. Fed. R. Crim. P. 35(b). A sentence may also be altered pursuant to 18 U.S.C. § 3742(a), upon the defendant's filing of a notice of appeal, if the sentence was imposed in violation of law, was as a result of incorrect application of the federal sentencing guidelines, exceeded the maximum guideline range or was imposed for an offense for which there is no guideline range and is plainly unreasonable. Finally, a defendant may be entitled to a sentence modification upon motion of the Director of the Bureau of Prisons or if the applicable sentencing range has subsequently been lowered by the sentencing commission pursuant to 28 U.S.C. §.994(o). 18 U.S.C. § 3582(c).

In this case, the Defendant does not present a circumstance that would allow the Court to disturb the finality of its judgment and modify his sentence. Accordingly, the Court **ORDERS** that the Defendant's Motion for Reconsideration of Sentence [ECF No. 432] is **DENIED**.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* Defendant.

**DATED:** June 22, 2016

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE